526 P.3d 927
In the MATTER OF the TITLES, BALLOT TITLES, AND SUBMISSION CLAUSES FOR PROPOSED INITIATIVES 2021-2022 #67, #115, AND #128
Christopher Fine, Petitioner
v.Steven Ward and Levi Mendyk, RespondentsandTeresa Conley, David Powell, and Jeremiah Barry, Title Board.
Supreme Court Case Nos. 22SA101
22SA142
22SA155
Supreme Court of Colorado.
June 27, 2022
Attorneys for Petitioner: Recht Kornfeld, P.C., Mark G. Grueskin, Denver, Colorado
Attorneys for Respondent: Maven Law Group, Suzanne Taheri, Englewood, Colorado
Attorneys for Title Board in Cases 22SA101 and 22SA155: Philip J. Weiser, Attorney General, Emily B. Buckley, Assistant Attorney General, Denver, Colorado
Attorneys for Title Board in Case 22SA142: Philip J. Weiser, Attorney General, Peter G. Baumann, Assistant Attorney General, Denver, Colorado
En Banc
JUSTICE HART delivered the Opinion of the Court, in which CHIEF JUSTICE BOATRIGHT, JUSTICE MÁRQUEZ, JUSTICE HOOD, JUSTICE GABRIEL, JUSTICE SAMOUR, and JUSTICE BERKENKOTTER joined.
JUSTICE HART delivered the Opinion of the Court.
¶1 In this opinion, we consider whether three proposed initiatives—Initiative 2021-2022 #67, Initiative 2021-2022 #115, and Initiative 2021-2022 #128 (collectively, "Initiatives")—violate the single-subject requirement of the Colorado Constitution. Each of the Initiatives includes provisions that would allow food retailers already licensed to sell beer to also sell wine and provisions that would authorize third-party delivery services to deliver all alcohol beverages sold from licensed retailers to consumers at their homes.
¶2 We hold that these provisions combine two subjects that are not necessarily or properly connected: (1) the sale of wine at grocery stores and (2) the home delivery of alcohol by third parties. The Initiatives therefore violate the single-subject requirement, and the Title Board lacked jurisdiction to set titles for them. Accordingly, we reverse the Board's actions.
I. Facts and Procedural History
¶3 Steven Ward and Levi Mendyk (collectively, "Respondents") submitted the Initiatives to the Board for designation of a fair title and submission clause pursuant to section 1-40-106, C.R.S. (2021). The Board conducted hearings on the Initiatives in March and April 2022 and designated and fixed their titles.1 ¶4 Christopher Fine ("Petitioner"), a registered elector, then filed motions for rehearing on each fixed title and its corresponding ballot title and submission clause, alleging in part that the Initiatives contain multiple subjects. See Colo. Const. art. V, § 1 (5.5); § 1-40-106.5, C.R.S. (2021). The Board reheard the Initiatives and subsequently made some edits to the titles, but it otherwise denied Petitioner's motions with one member of the Board dissenting.
¶5 During the rehearing on Initiative #67, the dissenting member of the Board observed: "I am thinking there may very well be people who don't have a problem with adding wine to grocery stores and convenience stores but have a bigger concern when all types of hard liquor could be expanded and delivered in the manner that's proposed by proponents." Another member of the Board expressed the same concerns, despite ultimately voting to set title.
¶6 Petitioner filed this original proceeding for review of the Board's actions pursuant to section 1-40-107(2), C.R.S. (2021).
II. Analysis
¶7 We begin with the standard of review. Then, we discuss the single-subject requirement for initiatives and analyze whether the Initiatives violate that requirement. Concluding that they do, and therefore that the Board lacked jurisdiction to set title, we reverse the Board's actions.
A. Standard of Review ¶8 When a proposed initiative comprises multiple subjects, the Board lacks jurisdiction to set its title. See Colo. Const. art. V, § 1 (5.5) (stating that "no title shall be set" for a measure that "contains more than one subject"); § 1-40-106.5 (articulating the single-subject requirement for ballot initiatives). "We liberally construe the [single-subject] requirement both because of the Title Board's considerable discretion in setting the title and the ballot title and submission clause and in order to avoid unduly restricting the initiative process." In re Title, Ballot Title & Submission Clause for 2021-2022 #16, 2021 CO 55, ¶ 8, 489 P.3d 1217, 1220 (quoting In re Title, Ballot Title & Submission Clause for 2019-2020 #315, 2020 CO 61, ¶ 17, 500 P.3d 363, 367 ). ¶9 We therefore overturn the Board's determination of a single subject only in a "clear case," In re 2019-2020 #315, ¶ 17, 500 P.3d at 367 (quoting In re Title, Ballot Title, & Submission Clause for 2013-2014 #76, 2014 CO 52, ¶ 8, 333 P.3d 76, 79 )—giving "all legitimate presumptions in favor of the propriety of the Board's actions," In re 2021-2022 #16, ¶ 9, 489 P.3d at 1220 (quoting In re Title, Ballot Title & Submission Clause for 2009-2010 #91, 235 P.3d 1071, 1076 (Colo. 2010) ). However, our deference here is not absolute; we have an obligation to "examine the initiative's wording to determine whether it comports with the constitutional requirements," In re 2019-2020 #315, ¶ 8, 500 P.3d at 366, and we have found clear violations of the single-subject requirement on review on multiple occasions, see, e.g., In re 2021-2022 #16, ¶ 42, 489 P.3d at 1225 (reversing the Board's title setting on a proposed initiative amending animal cruelty statutes in two distinct ways); In re Title, Ballot Title & Submission Clause for 2015-2016 #132, 2016 CO 55, ¶ 36, 374 P.3d 460, 469 (holding that initiatives "combining the restructuring of the Reapportionment Commission with changes to the constitutional role of the Supreme Court Nominating Commission" violated the single-subject requirement); In re Title, Ballot Title & Submission Clause, & Summary for 1997-1998 #84, 961 P.2d 456, 461 (Colo. 1998) (concluding that two initiatives aimed at lowering certain state and local taxes "contain[ed] multiple subjects and thus violate[d] the [single-subject] requirement"); In re Title, Ballot Title & Submission Clause, Summary for 1997-1998 #64, 960 P.2d 1192, 1198 (Colo. 1998) (holding that an initiative involving judicial office qualifications violated the prohibition against multiple subjects). ¶10 In conducting our limited review of the Title Board's actions, we use general rules of statutory construction, "giving words and phrases their plain and ordinary meanings." In re 2021-2022 #16, ¶ 10, 489 P.3d at 1220 (quoting In re 2019-2020 #315, ¶ 8, 500 P.3d at 366 ). We do not consider the merits of the proposed initiatives nor their validity or efficacy if approved by voters and enacted. Id.
B. The Single-Subject Requirement
¶11 Article V of the Colorado Constitution reserves the power of initiative to the people, § 1(2), but prohibits an initiative from "containing more than one subject," § 1 (5.5). If an initiative contains multiple subjects, then "no title shall be set and the measure shall not be submitted to the people for adoption or rejection at the polls." Id.; see also § 1-40-106.5 (stating the single-subject requirement and its purposes).
¶12 The single-subject requirement exists "to prevent or inhibit various inappropriate or misleading practices that might otherwise occur." § 1-40-106.5(1)(d). Specifically, it is designed to prevent "the practice of putting together in one measure subjects having no necessary or proper connection, for the purpose of enlisting in support of the measure the advocates of each measure, and thus securing the enactment of measures that could not be carried upon their merits," § 1-40-106.5(1)(e)(I), and to "prevent surprise and fraud from being practiced upon voters" by ensuring that the title of the measure "apprise the people of the subject," § l-40-106.5(l)(e)(II). ¶13 To meet the single-subject requirement, we have previously explained that an initiative's provisions must be "necessarily and properly connected," In re 2021-2022 #16, ¶ 13, 489 P.3d at 1221 (quoting In re 2019-2020 #315, ¶ 13, 500 P.3d at 367 ); that is, "relat[ing] directly to its single subject," id. at ¶ 14, 489 P.3d at 1221 (quoting In re 2009-2010 #91, 235 P.3d at 1076 ), and "tend[ing] to effect or to carry out one general objective or purpose," id. (quoting In re Title, Ballot Title & Submission Clause for 2017-2018 #4, 2017 CO 57, ¶ 8, 395 P.3d 318, 321 ). An initiative with provisions that are "disconnected or incongruous," id. at ¶ 13, 489 P.3d at 1221 (quoting In re 2019-2020 #315, ¶ 13, 500 P.3d at 367 )—covering "more than one subject and [having] at least two distinct and separate purposes which are not dependent upon or connected with each other," id. (quoting In re Title, Ballot Title & Submission Clause for 2005-2006 #74, 136 P.3d 237, 239 (Colo. 2006) )—violates this requirement. ¶14 We have recognized that "[m]ere implementation or enforcement details directly tied to the initiative's single subject will not, in and of themselves, constitute a separate subject." In re 2005-2006 #74, 136 P.3d at 239. However, attempting to "characterize an initiative under some general theme will not save [it] from violating the single-subject rule if the initiative contains multiple subjects." In re 2019-2020 #315, ¶ 16, 500 P.3d at 367 (quoting In re 2009-2010 #91, 235 P.3d at 1076 ). ¶15 We also consider the purposes of the single-subject requirement when assessing whether an initiative's provisions are necessarily and properly connected. See In re 2021-2022 #16, ¶ 16, 489 P.3d at 1221 (explaining that this analysis includes the "anti-logrolling and anti-fraud purposes of the single-subject requirement"). First, the single-subject requirement prompts us to ask whether there is danger of logrolling: Have measures been combined to secure the enactment of one that could not be carried out on its own? See § 1-40-106.5(1)(e)(I) ; see also In re 2017-2018 #4, ¶ 14, 395 P.3d at 322. Second, we ask whether there is a risk that voters will be surprised by the provisions. See id. (finding no surprise where the initiative is "not overly lengthy or complex, and its plain language is not confusing").
C. The Initiatives Violate the Single-Subject Requirement
¶16 Applying these legal principles, we conclude that the Initiatives present a clear violation of the single-subject requirement. Each of them would result in two significant and unrelated changes to the regulation of alcohol in Colorado.
¶17 First, the Initiatives would expand the authority of food retailers already licensed to sell beer to also sell wine. This expansion of authority requires substantive changes made mostly, though not exclusively, in the Colorado Beer Code for Initiatives #67 and #115, see §§ 44-4-101 to - 107, C.R.S. (2021), and in article XXII of the Colorado Constitution for Initiative #128.
¶18 Second, the Initiatives would authorize third-party providers like Grubhub or Uber Eats to deliver alcohol from licensed retailers to consumers. The Colorado Liquor Code, §§ 44-3-101 to - 1002, C.R.S. (2021), currently restricts when and how a licensed retailer of alcohol beverages delivers those beverages, such as by requiring delivery only by the retailer itself, § 44-3-409(3)(a)(II), C.R.S. (2021), and restricting deliveries so that they comprise "no more than fifty percent of [a licensee's] gross annual revenues," § 44-3-409(3)(a)(IV). The proposed Initiatives lift those restrictions (by statute or constitutional amendment), and they do so for all types of alcohol beverages—including beer, wine, and liquor.
¶19 In In re 2021-2022 #16 , we explained that "[w]e must examine sufficiently an initiative's central theme to determine whether it contains hidden purposes under a broad theme." ¶ 21, 489 P.3d at 1222 (quoting In re Title, Ballot Title & Submission Clause, for 2007-2008 #17, 172 P.3d 871, 875 (Colo. 2007) ). Our concern was that two disconnected provisions could be described as a single subject if done at a sufficiently high level of generality. Id. Thus, we considered whether provisions of an initiative that not only expanded the definition of "animal cruelty" but also expanded the definition of "sexual act with an animal" each related to the "central theme of expanding the animal cruelty statutes to include livestock." Id. at ¶¶ 22–23, 489 P.3d at 1222. We concluded that, although related when considered at a high level of generality, the provisions served different purposes not sufficiently connected to constitute a single subject. Id. at ¶ 41, 489 P.3d at 1225. ¶20 The Initiatives here present the same problem. Respondents contend that the Initiatives' central focus is "expanding the retail sale of alcohol beverages," and they assert that both measures implement that goal. But "expanding the retail sale of alcohol beverages" is such a general focus that it could encompass a nearly limitless array of subjects. In the case of these Initiatives, we conclude that the covered subjects—(1) the sale of wine by retailers licensed to sell beer and (2) the home delivery of alcohol by third-party delivery services—are too distinct to satisfy the single-subject requirement.
¶21 The sale of wine in grocery stores has been a topic of legislative and public debate for decades. Forty years ago, proponents submitted an initiative to allow wine sales in grocery stores to the voters. See In re Title, Ballot Title & Submission Clause, & Summary Pertaining to the Sale of Table Wine in Grocery Stores Initiative Adopted on March 24, 1982, 646 P.2d 916, 919-20 (Colo. 1982). That initiative failed to garner majority support. In the intervening years, the General Assembly has considered multiple proposals to fully permit wine sales in supermarkets, but it has instead taken incremental steps, permitting some—but not all—grocery stores to sell alcohol. See, e.g., Ch. 365, sec. 1, § 12-47-408, 2016 Colo. Sess. Laws 1522, 1522-1526 (permitting an expansion of the number of locations a grocery store could sell alcohol within the state); Ch. 366, sec. 1, 2018 Colo. Sess. Laws 2190, 2190 (same). And the present case illustrates that this public debate remains unsettled.
¶22 Whether to allow third-party delivery services to deliver alcohol to consumers in their homes presents a similarly unsettled policy choice, yet it constitutes a completely distinct subject. Respondents and the Board argue that the relaxation of restrictions on alcohol delivery sufficiently relates to grocery store sales of wine because each will increase the retail sale of alcohol. But the indirect relationship between alcohol delivery and retail sales fails to satisfy the single-subject requirement. See In re 1997-1998 #64, 960 P.2d at 1198 (holding that a measure that "indirectly affects" the central objective is inconsistent with the single-subject requirement). ¶23 The inclusion of both subjects in one initiative "is precisely the logrolling dilemma that the voters intended to avoid when they adopted the [single-subject] requirements." In re Title, Ballot Title, & Submission Clause for 2011-2012 #3, 2012 CO 25, ¶ 31, 274 P.3d 562, 571 (Hobbs, J., dissenting). A central purpose of the single-subject requirement is that it "precludes the joining together of multiple subjects into a single initiative in the hope of attracting support from various factions which may have different or even conflicting interest." In re Proposed Initiative "Public Rights in Waters II" , 898 P.2d 1076, 1079 (Colo. 1995). As members of the Title Board recognized, even while ultimately setting title for these Initiatives, some voters might well support home delivery of alcohol while preferring to keep wine out of grocery stores, and others might feel precisely the opposite. These are simply two different subjects. The mere fact that both topics involve the regulation of alcohol is not enough to make them necessarily and properly connected.
III. Conclusion
¶24 Because the Initiatives contain two distinct subjects—the sale of wine in grocery stores and the home delivery of all alcohol by third-party delivery services—that are not necessarily and properly connected, they violate the single-subject requirement of the Colorado Constitution. We therefore conclude that the Title Board lacked jurisdiction over these Initiatives for setting titles, and we reverse its actions doing so.
APPENDIX: Titles and Filed Text of Initiatives
2021-2022 #67
Title
A change to the Colorado Revised Statutes concerning the retail sale of alcohol beverages, and, in connection therewith, establishing a new fermented malt beverage and wine retailer license to allow grocery stores, convenience stores, and other business establishments licensed to sell beer for consumption off the licensed premises to also sell wine for off-premises consumption; automatically converting a fermented malt beverage retailer license authorizing the sale of beer for off-premises consumption that was in effect on March 1, 2023, to the new fermented malt beverage and wine retailer license; allowing fermented malt beverage and wine retailer licensees to conduct tastings on the licensed premises if approved by the local licensing authority; and allowing retail establishments licensed to sell alcohol beverages to deliver alcohol beverages to a person 21 years of age or older through a third-party delivery service that has obtained a delivery service permit from the state licensing authority.
Filed Text
Be it enacted by the People of the State of Colorado:
SECTION 1: Declaration
The People of the State of Colorado hereby find and declare that Article 4 Title 44, C.R.S. known as the "Colorado Beer Code", shall be amended to allow, beginning March 1, 2023, the sale of wine in grocery and convenience stores that are licensed to sell beer; and permit home delivery of alcohol sales made by licensed retailers through third-party home delivery service provider.
SECTION 2. In Colorado Revised Statutes, 44-3-103, add (11.8), (18.5), (32.5), and (60.5) as follows:
44-3-103. Definitions.
As used in this article 3 and article 4 of this title 44, unless the context otherwise requires:
(11.8) "DELIVERY SERVICE PERMITTEE" MEANS ANY INDIVIDUAL, LIMITED LIABILITY COMPANY, CORPORATION, OR PARTNERSHIP THAT HOLDS A PERMIT TO DELIVER ALCOHOL UNDER SECTION 44-3-911.5.
(18.5) "FERMENTED MALT BEVERAGE AND WINE RETAILER" MEANS A RETAILER LICENSED UNDER ARTICLE 4 OF THIS TITLE 44 TO SELL FERMENTED MALT BEVERAGES AND WINE, BUT NOT SPIRITOUS LIQUORS, IN ORIGINAL SEALED CONTAINERS FOR CONSUMPTION OFF THE LICENSED PREMISES.
(32.5) "OFF PREMISES RETAILER" MEANS ANY RETAILER LICENSEE UNDER THIS ARTICLE 3 OR ARTICLE 4 OF THIS TITLE 44 THAT IS ALLOWED TO SELL ALCOHOL BEVERAGES AT RETAIL FOR CONSUMPTION OFF THE LICENSED PREMISES.
(60.5) "WINE" MEANS VINOUS LIQUORS.
SECTION 3. In Colorado Revised Statutes, 44-3-301, amend 9(a)(I)(B), (12)(a.5)(I), and add (12)(a.5)(IV) as follows:
44-3-301. Licensing in general.
(9)(a)(I)(B) The state and local licensing authorities shall not grant permission under this subsection (9)(a)(I) to a fermented malt beverage AND WINE retailer licensed under section 44-4-107 (1)(a) to move its permanent location if the new location is: Within one thousand five hundred feet of a retail liquor store licensed under section 44-3-409 ; for a premises located in a municipality with a population of ten thousand or fewer, within three thousand feet of a retail liquor store licensed under section 44-3-409 ; or, for a premises located in a municipality with a population of ten thousand or fewer that is contiguous to the city and county of Denver, within one thousand five hundred feet of a retail liquor store licensed under section 44-3-409.
(12)(a.5)(I) Notwithstanding any other provision of this article 3, SUBSECTION 12(A) OF THIS SECTION, on and after-------------------------March 1, 2023, the state and local licensing authorities shall not issue a new fermented malt beverage AND WINE retailer's license under article 4 of this title 44 authorizing the sale at retail of fermented malt beverages AND WINE in sealed containers for consumption off the licensed premises if the premises for which the retail license is sought is located within five hundred feet of a retail liquor store licensed under section 44-3-409.
(12)(a.5)(III) THIS SUBSECTION (12)(a.5) DOES NOT APPLY TO THE CONVERSION OF A LICENSE UNDER SECTION 44-4-107(1)(a.5).
(12)(a.5)(IV) NOTWITHSTANDING ANY OTHER PROVISION OF SUBSECTION 12(a) OF THIS SECTION, THE STATE AND LOCAL LICENSING AUTHORITIES SHALL NOT ISSUE A NEW RETAIL LIQUOR STORE LICENSE UNDER ARTICLE 3 OF THIS TITLE 44 AUTHORIZING THE SALE AT RETAIL OF MALT, VINOUS, OR SPIRITUOUS LIQUORS IN SEALED CONTAINERS FOR CONSUMPTION OFF THE LICENSED PREMISES IF THE PREMISES FOR WHICH THE RETAIL LICENSE IS SOUGHT IS LOCATED WITHIN FIVE HUNDRED FEET OF A FERMENTED MALT BEVERAGES AND WINE RETAILER LICENSED UNDER SECTION 44-4-107.
SECTION 4. In Colorado Revised Statutes, 44-3-313, amend (1)(e)(I), (1)(e)(II), (1) (e)(IV), and (1)(e)(V) as follows:
44-3-313. Restrictions for applications for new license.
(1) (e)(I) If the building in which the fermented malt beverages AND WINE are to be sold pursuant to a license under section 44-4-107 (1)(a) is located within five hundred feet of any public or parochial school or the principal campus of any college, university, or seminary; except that this subsection (1)(e)(I) does not apply to:
(A) Licensed premises located or to be located on land owned by a municipality;
(B) An existing licensed premises on land owned by the state;
(C) A fermented malt beverage AND WINE retailer that held a valid license and was actively doing business before the principal campus was constructed;
(D) A club located within the principal campus of any college, university, or seminary that limits its membership to the faculty or staff of the institution; or
(E) A campus liquor complex. (1)(e)(II) The distances referred to in subsection (1)(e)(I) of this section are to be computed by direct measurement from the nearest property line of the land used for school purposes to the nearest portion of the building in which fermented malt beverages AND WINE are to be sold, using a route of direct pedestrian access.
(1)(e)(IV) In addition to the requirements of section 44-3-312 (2), the local licensing authority shall consider the evidence and make a specific finding of fact as to whether the building in which the fermented malt beverages AND WINE are to be sold is located within any distance restriction established by or pursuant to this subsection (1)(e). The finding is subject to judicial review pursuant to section 44-3-802.
(1)(e)(V) This subsection (1)(e) applies to:
(A) Applications for new fermented malt beverage AND WINE retailer's licenses under section 44-4-107 (1)(a) submitted on or after ---------------------------MARCH 1, 2023; and
(B) Applications submitted on or after June 4, 2018 MARCH 1, 2023, under section 44-3-301 (9) by fermented malt beverage AND WINE retailers licensed under section 44-4-107 (1)(a) to change the permanent location of the fermented malt beverage AND WINE retailer's licensed premises.
SECTION 5. In Colorado Revised Statutes, 44-3-901, amend (1)(g), (1)(i)(III), (6)(i)(II), (6)(k)(I), (6)(k)(II)(B), (6)(k)(IV), (6)(k)(V), and (6)(p)(III), and (8)(b) as follows:
44-3-901. Unlawful acts – exceptions – definitions.
(1)(g) To sell at retail any malt, vinous, or spirituous liquors in sealed containers without holding a retail liquor store or liquor-licensed drugstore license, except as permitted by section 44-3-107 (2) or 44-3-301 (6)(b) or any other provision of this article 3, or to sell at retail any fermented malt beverages in sealed containers without holding a fermented malt beverage retailer's license under section 44-4-104 (1)(c) OR TO SELL AT RETAIL ANY FERMENTED MALT BEVERAGES AND WINE IN SEALED CONTAINERS WITHOUT HOLDING A FERMENTED MALT BEVERAGE AND WINE RETAILER'S LICENSE UNDER SECTION 44-4-107 (1)(a).
(1)(i)(III)(A) Notwithstanding subsection (1)(i)(I) of this section, it shall not be unlawful for adult patrons of a retail liquor store, liquor-licensed drugstore or FERMENTED MALT BEVERAGE AND WINE RETAILER licensee to consume malt, vinous, or spirituous liquors on the licensed premises when the consumption is conducted within the limitations of the licensee's license and is part of a tasting if authorization for the tasting has been granted pursuant to section 44-3-301.
(1)(i)(III)(B) NOTWITHSTANDING SUBSECTION (1)(i)(I) OF THIS SECTION, IT SHALL NOT BE UNLAWFUL FOR ADULT PATRONS OF A FERMENTED MALT BEVERAGE AND WINE RETAILER LICENSEE TO CONSUME MALT, OR VINOUS LIQUORS ON THE LICENSED PREMISES WHEN THE CONSUMPTION IS CONDUCTED WITHIN THE LIMITATIONS OF THE LICENSEE'S LICENSE AND IS PART OF A TASTING IF AUTHORIZATION FOR THE TASTING HAS BEEN GRANTED PURSUANT TO SECTION 44-3-301.
(6)(i)(II) Notwithstanding subsection (6)(i)(I) of this section, it shall not be unlawful for a retail liquor store, liquor-licensed drugstore or FERMENTED MALT BEVERAGE AND WINE RETAILER licensee to allow tastings to be conducted on his or her licensed premises if authorization for the tastings has been granted pursuant to section 44-3-301.
(6)(k)(I) Except as provided in subsections (6)(k)(II), (6)(k)(IV), and (6)(k)(V) of this section, to have on the licensed premises, if licensed as a retail liquor store, liquor licensed drugstore, fermented malt beverage retailer, OR FERMENTED MALT BEVERAGE AND WINE RETAILER, any container that shows evidence of having once been opened or that contains a volume of liquor less than that specified on the label of the container; (6)(k)(II)(B) A person holding a fermented malt beverage AND WINE retailer's license under section 44-4-107 (1)(a) may have upon the licensed premises fermented malt beverages AND WINE in open containers when the open containers were brought onto the licensed premises by and remain solely in the possession of the sales personnel of a person licensed to sell at wholesale pursuant to article 4 of this title 44 for the purpose of sampling fermented malt beverages AND WINE by the fermented malt beverage AND WINE retailer licensee only.
(6)(k)(IV) It is not unlawful for a retail liquor store, liquor-licensed drugstore or FERMENTED MALT BEVERAGE AND WINE RETAILER licensee to allow tastings to be conducted on the licensed premises if authorized for the tastings has been granted pursuant to section 44-3-301.
(6)(k)(V) A person holding a retail liquor store or liquor-licensed drugstore license under this article 3 or a fermented malt beverage AND WINE retailer's license under section 44-4-107 (1)(a) may have upon the licensed premises an open container of an alcohol beverage product that the licensee discovers to be damaged or defective so long as the licensee marks the product as damaged or for return and stores the open container outside the sales area of the licensed premises until the licensee is able to return the product to the wholesaler from whom the product was purchased.
(6)(p)(III) If licensed as a retail liquor store under section 44-3-409, a liquor-licensed drugstore under section 44-3-410, or a fermented malt beverage AND WINE retailer under section 44-4-107 (1)(a), to permit an employee OR ANY OTHER PERSON who is under twenty-one years of age to deliver malt, vinous, or spirituous liquors or fermented malt beverages offered for sale on, or sold and removed from, the licensed premises of the retail liquor store, liquor-licensed drugstore, or fermented malt beverage AND WINE retailer.
(8)(b) Notwithstanding subsection (8)(a) of this section, it shall not be unlawful for a retail liquor store, liquor-licensed drugstore or FERMENTED MALT BEVERAGE AND WINE RETAILER licensee to allow tasting to be conducted on his or her licensed premises if authorization for the tastings has been granted pursuant to section 44-3-301.
SECTION 6. In Colorado Revised Statutes, amend 44-4-101 as follows:
44-4-101. Short title.
The short title of this article 4 is SHALL BE KNOWN AND MAY BE CITED AS the "Colorado BBeer AND WINE CCode".
SECTION 7. In Colorado Revised Statutes, amend 44-4-102 as follows:
44-4-102. Legislative declaration.
(1) The general assembly hereby declares that it is in the public interest that fermented malt beverages AND WINE FOR CONSUMPTION OFF THE PREMISES OF THE LICENSEE, FERMENTED MALT BEVERAGES FOR CONSUMPTION ON THE PREMISES OF THE LICENSEE, AND FERMENTED MALT BEVERAGES FOR CONSUMPTION BOTH ON AND OFF THE PREMISES OF THE LICENSEE shall be sold at retail only by persons licensed as provided in this article 4 TITLE 44. The general assembly further declares that it is lawful to sell fermented malt beverages AND WINE at retail subject to this article 4 and applicable provisions of articles 3 and 5 of this title 44.
(2) The general assembly further recognizes that fermented malt beverages and malt liquors are separate and distinct from, and have a unique regulatory history in relation to, vinous and spirituous liquors; however, fermented malt beverages and malt liquor are separate and distinct from, and have a unique regulatory history in relation to,------------------------maintaining a separate regulatory framework and licensing structure for fermented malt beverages AND FERMENTED MALT BEVERAGES AND WINE under this article 4 is no longer necessary except at the retail level. Furthermore, to aid administrative efficiency, article 3 of this title 44 applies to the regulation of fermented malt beverages AND FERMENTED MALT BEVERAGES AND WINE, except when otherwise expressly provided for in this article 4.
SECTION 8. In Colorado Revised Statutes, 44-4-103, amend (2) and (3), and add (7) as follows:
44-4-103. Definitions.
Definitions applicable to this article 4 also appear in article 3 of this title 44. As used in this article 4, unless the context otherwise requires:
(2) "License" means a grant to a licensee to sell fermented malt beverages OR FERMENTED MALT BEVERAGES AND WINE at retail as provided by this article 4.
(3) "Licensed premises" means the premises specified in an application for a license under this article 4 that are owned or in possession of the licensee and within which the licensee is authorized to sell, dispense, or serve fermented malt beverages OR FERMENTED MALT BEVERAGES AND WINE in accordance with the provisions of this article 4.
(7) "WINE" MEANS VINOUS LIQUORS AS DEFINED IN SECTION 44-3-103(59), WHEN PURCHASED BY A FERMENTED MALT BEVERAGE AND WINE RETAILER FROM A WHOLESALER LICENSED PURSUANT TO ARTICLE 3 OF THIS TITLE 44.
SECTION 9. In Colorado Revised Statutes, 44-4-104, amend (1), (1)(c)(I)(A), and (1) (c)(I)(B) as follows:
44-4-104. Licenses – state license fees – requirements – definition.
(1) The licenses to be granted and issued by the state licensing authority pursuant to this article 4 for the retail sale of fermented malt beverages OR FERMENTED MALT BEVERAGES AND WINE are as follows:
(1)(c)(I)(A) A retailer's license shall be granted and issued to any person, partnership, association, organization, or corporation qualifying under section 44-3-301 and not prohibited from licensure under section 44-3-307 to sell at retail fermented malt beverages AND WINE either for consumption off the licensed premises, OR FERMENTED MALT BEVERAGES for consumption on the licensed premises or, subject to subsection (1)(c)(III) of this section, FERMENTED MALT BEVERAGES for consumption on and off the licensed premises, upon paying an annual license fee of seventy-five dollars to the state licensing authority.
(1)(c)(I)(B) A person licensed pursuant to this subsection (1)(c) to sell fermented malt beverages OR FERMENTED MALT BEVERAGES AND WINE at retail shall purchase the fermented malt beverages OR FERMENTED MALT BEVERAGES AND WINE only from a wholesaler licensed pursuant to article 3 of this title 44.
SECTION 10. In Colorado Revised Statutes, 44-4-105, amend (1)(a)(I)(A) as follows:
44-4-105. Fees and taxes – allocation.
(1)(a)(I)(A) Applications for new fermented malt beverage AND NEW FERMENTED MALT BEVERAGE AND WINE RETAILER licenses pursuant to section 44-3-301 and rules thereunder;
SECTION 11. In Colorado Revised Statutes, 44-4-106, amend (1), (1)(a), and (1)(b) as follows:
44-4-106. Lawful acts.
(1) It is lawful for a person under eighteen years of age who is under the supervision of a person on the premises eighteen years of age or older to be employed in a place of business where fermented malt beverages OR WINE are sold at retail in containers for off-premises consumption. During the normal course of such employment, any person under twenty-one years of age may handle and otherwise act with respect to fermented malt beverages OR WINE in the same manner as that person does with other items sold at retail; except that:
(a) A person under eighteen years of age shall not sell or dispense fermented malt beverages OR WINE, check age identification, or make deliveries beyond the customary parking area for the customers of the retail outlet; and
(b) A person who is under twenty-one years of age shall not deliver fermented malt beverages OR WINE in sealed containers to customers.
SECTION 12. In Colorado Revised Statutes, 44-4-107, amend (1), (1)(a), (1)(b), (1)(c)(I), (4), (4)(a)(I), (4)(a)(II), (4)(b), (5), and (6), and add (1)(a.5) and (7) as follows:
44-4-107. Local licensing authority – application – fees – definition – rules.
(1) The local licensing authority shall issue only the following classes of fermented malt beverage licenses:
(a) Sales OF FERMENTED MALT BEVERAGES AND WINE for consumption off the premises of the licensee;
(a.5) LICENSES ISSUED BY THE LOCAL AND STATE LICENSING AUTHORITIES UNDER THIS SUBSECTION (1)(a) OF THIS SECTION IN EFFECT ON MARCH 1, 2023, SHALL IMMEDIATELY CONVERT FROM A FERMENTED MALT BEVERAGE FOR CONSUMPTION OFF THE PREMISES TO A FERMENTED MALT BEVERAGES AND WINE RETAILER, ON MARCH 1, 2023, WITHOUT ANY FURTHER ACT BY THE STATE OR LOCAL LICENSING AUTHORITY OR THE LICENSEE.
(b) Sales OF FERMENTED MALT BEVERAGES for consumption on the premises of the licensee;
(c) (I) Subject to subsections (1)(c)(II) and (1)(c)(III) of this section, sales OF FERMENTED MALT BEVERAGES for consumption both on and off the premises of the licensee.
(4) On or after ------------------------MARCH 1, 2023, a fermented malt beverage AND WINE retailer licensed under subsection (1)(a) of this section:
(a) (I) Shall not sell fermented malt beverages OR WINE to consumers at a price that is below the retailer's cost, as listed on the invoice, to purchase the fermented malt beverages OR WINE, unless the sale is of discontinued or close-out fermented malt beverages OR WINE.
(II) This subsection (4)(a) does not prohibit a fermented malt beverage AND WINE retailer from operating a bona fide loyalty or rewards program for fermented malt beverages OR WINE so long as the price for the product is not below the retailer's costs as listed on the invoice. The state licensing authority may adopt rules to implement this subsection (4)(a).
(b) Shall not allow consumers to purchase fermented malt beverages OR WINE at a self-checkout or other mechanism that allows the consumer to complete the fermented malt beverages OR WINE purchase without assistance from and completion of the entire transaction by an employee of the fermented malt beverage AND WINE retailer.
(5) A person licensed under subsection (1)(a) of this section that holds multiple fermented malt beverage AND WINE retailer's licenses for multiple licensed premises may operate under a single or consolidated corporate entity but shall not commingle purchases of or credit extensions for purchases of alcohol beverage product from a wholesaler licensed under article 3 of this title 44 for more than one licensed premises. A wholesaler licensed under article 3 of this title 44 shall not base the price for the alcohol beverage product it sells to a fermented malt beverage AND WINE retailer licensed under subsection (1)(a) of this section on the total volume of alcohol beverage product that the retailer purchases for multiple licensed premises.
(6) ----A person licensed under--------------------------------------------------------subsection (6) and rules promulgated under this subsection (6) SECTION 44-4-107(1) may deliver fermented malt beverages OR WINE PURSUANT TO SECTION 911.5 OF ARTICLE 3 OF THIS TITLE 44. in sealed containers to a person of legal age if:
(I) The person receiving the delivery of fermented malt beverages is located at a place ----------------------------
(II) The delivery is made by an employee of the fermented malt beverage retailer who is at least twenty-one years of age and who is using a vehicle owned or leased by the licensee to make the delivery; (III) The person making the delivery verifies, in accordance with section 44 3 ---------------------that the person receiving the delivery of fermented malt beverages is at least twenty-one years of age; and
(IV) The fermented malt beverage retailer derives no more than fifty percent of its gross annual revenues from total sales of fermented malt beverages from the sale of fermented malt beverages that the fermented malt beverage retailer delivers. (b) The state licensing authority shall promulgate rules as necessary for the proper delivery of fermented malt beverages pursuant to this subsection (6) and may issue a permit to any person who is licensed pursuant to and delivers fermented malt beverages under subsection (1)(a) of this section. A permit issued under this subsection (6) is subject to the same suspension and----------------------------------------44-3-601 for other licenses granted pursuant to article 3 of this title 44
(7) A FERMENTED MALT BEVERAGE AND WINE RETAILER MAY ALLOW TASTINGS OF FERMENTED MALT BEVERAGES OR WINE TO BE CONDUCTED ON THE LICENSED PREMISES IF THE LICENSEE HAS RECEIVED AUTHORIZATION TO CONDUCT TASTINGS PURSUANT TO SECTION 44-3-301.
SECTION 13: In Colorado Revised Statutes, Title 44, Article 3, add 911.5 as follows:
911.5 THIRD-PARTY DELIVERY OF ALCOHOL BEVERAGES
(1) NOTWITHSTANDING ANY LAW OR RULE TO THE CONTRARY, A DELIVERY SERVICE PERMITTEE, OR AN EMPLOYEE OR INDEPENDENT CONTRACTOR OF A DELIVERY SERVICE PERMITTEE IN COMPLIANCE WITH THE PROVISIONS OF THIS ARTICLE 3 OR ARTICLE 4 OF THIS TITLE 44, MAY TRANSPORT AND DELIVER ALCOHOL BEVERAGES FROM AN OFF-PREMISES RETAILER LICENSED PURSUANT TO THIS ARTICLE 3 OR ARTICLE 4 OF THIS TITLE 44, OR FROM A LICENSEE LICENSED FOR ON PREMISES CONSUMPTION PURSUANT TO THIS ARTICLE 3, TO A PERSON IN THE STATE WHO IS AT LEAST 21 YEARS OF AGE. THE HOLDER OF A LICENSE LISTED IN THIS SUBSECTION (1) SHALL BE AUTHORIZED TO APPLY FOR AND TO HOLD A DELIVERY SERVICE PERMIT AS A PRIVILEGE SEPARATE FROM ITS EXISTING LICENSE.
(2) ANY INDIVIDUAL, LIMITED LIABILITY COMPANY, CORPORATION, OR PARTNERSHIP THAT IS REGISTERED TO DO BUSINESS IN THIS STATE, REGARDLESS OF THE RESIDENCY OR DOMICILE OF THE INDIVIDUAL, ENTITY, OR OWNERS OF THE ENTITY, MAY APPLY FOR AND BE ISSUED A DELIVERY SERVICE PERMIT THAT AUTHORIZES THE PERMITTEE TO DELIVER ALCOHOL BEVERAGES FROM A LICENSEE PERMITTED FOR DELIVERY BY SECTION 44-3-911.5(1), TO A PERSON IN THE STATE WHO IS AT LEAST 21 YEARS OF AGE.
(3) IN ORDER TO RECEIVE A DELIVERY SERVICE PERMIT, AN APPLICANT SHALL:
(a) PROVIDE TO THE STATE LICENSING AUTHORITY A SAMPLE CONTRACT THAT THE APPLICANT INTENDS TO ENTER INTO WITH A LICENSEE LISTED IN SUBSECTION (1) OF THIS SECTION FOR THE DELIVERY OF ALCOHOL BEVERAGES. COMPLIANCE WITH THIS SUBSECTION (3)(a) SHALL NOT BE REQUIRED IN THE EVENT A LICENSEE LISTED IN SUBSECTION (1) OF THIS SECTION 911.5, OR AN ENTITY UNDER COMMON OWNERSHIP WITH SUCH LICENSEE, IS THE APPLICANT FOR THE DELIVERY SERVICE PERMIT.
(b) SUBMIT TO THE STATE LICENSING AUTHORITY AN OUTLINE OF AN INTERNAL OR EXTERNAL CERTIFICATION PROGRAM FOR DELIVERY SERVICE PERSONNEL OR CONTRACTORS THAT ADDRESSES TOPICS SUCH AS IDENTIFYING UNDERAGE PERSONS, INTOXICATED PERSONS, AND FAKE OR ALTERED IDENTIFICATION; AND
(c) PROOF OF A GENERAL LIABILITY INSURANCE POLICY IN AN AMOUNT NO LESS THAN ONE MILLION DOLLARS ($1,000,000) PER OCCURRENCE.
(4) A DELIVERY SERVICE PERMITTEE:
(a) MAY, THROUGH ITS EMPLOYEES OR INDEPENDENT CONTRACTORS, DELIVER ALCOHOL BEVERAGES FOR ANY OFF-PREMISES RETAILER PERMITTED FOR DELIVERY BY SUBSECTION 44-3-911.5(1), FOR THE PURPOSE OF DELIVERING ALCOHOL BEVERAGES.
(b) MAY, THROUGH ITS EMPLOYEES OR INDEPENDENT CONTRACTORS, DELIVER ALCOHOL BEVERAGES FOR LICENSEES UNDER THE PROVISIONS OF SUBSECTION 44-3-911, WHICH MAY INCLUDE ALCOHOL BEVERAGES BY THE DRINK. THE COMPLETION OF THE CERTIFICATION PROGRAM REQUIRED BY SUBSECTION (3)(b) OF THIS SECTION SHALL SATISFY THE REQUIREMENTS FOR SUBSECTION 44-3-911(3)(d)
(c) MAY USE ITS OWN EMPLOYEES OR INDEPENDENT CONTRACTORS WHO ARE AT LEAST TWENTY-ONE YEARS OF AGE TO DELIVER SUCH ALCOHOL BEVERAGES, PROVIDED ALL DELIVERY AGENTS COMPLETE A CERTIFICATION PROGRAM THAT MEETS THE STANDARDS ESTABLISHED BY THE STATE LICENSING AUTHORITY.
(d) MAY FACILITATE ORDERS BY TELEPHONE, INTERNET, OR BY OTHER ELECTRONIC MEANS FOR THE SALE AND DELIVERY OF ALCOHOL BEVERAGES UNDER THIS SECTION. THE FULL AMOUNT OF EACH ORDER SHALL BE HANDLED IN A MANNER THAT GIVES THE LICENSEE CONTROL OVER THE ULTIMATE RECEIPT OF THE PAYMENT FROM THE CONSUMER.
(e) MAY DELIVER ALCOHOL BEVERAGES ANY TIME DURING WHICH THE LICENSEE IS LAWFULLY ALLOWED TO SELL ALCOHOL BEVERAGES.
(f) SHALL VERIFY, AT THE TIME OF DELIVERY, IN ACCORDANCE WITH SUBSECTION 44-3-901(11), THAT THE PERSON RECEIVING THE DELIVERY OF MALT, VINOUS, OR SPIRITUOUS LIQUORS IS AT LEAST TWENTY-ONE YEARS OF AGE.
(g) SHALL REFUSE TO DELIVER ALCOHOL BEVERAGES IF THE RECIPIENT IS UNDER TWENTY-ONE YEARS OF AGE, APPEARS INTOXICATED, OR FAILS TO PROVIDE PROOF OF IDENTIFICATION.
(h) MAY NOT DELIVER TO ANY LOCATION LICENSED PURSUANT TO THIS ARTICLE 3, OR ARTICLE 4 OR ARTICLE 5 OF THIS TITLE 44.
(i) SHALL BE DEEMED TO HAVE CONSENTED TO THE JURISDICTION OF THE STATE LICENSING AUTHORITY OR ANY LAW ENFORCEMENT AGENCY AND THE COLORADO COURTS CONCERNING ENFORCEMENT OF THIS SECTION AND ANY RELATED LAWS OR RULES.
(5) A DELIVERY SERVICE PERMITTEE MAY RENEW ITS PERMIT WITH THE STATE LICENSING AUTHORITY BY MAINTAINING ALL QUALIFICATIONS AND PAYING ANNUALLY A RENEWAL FEE ESTABLISHED BY THE STATE LICENSING AUTHORITY.
(6) NOTHING IN THIS SECTION SHALL BE CONSTRUED TO REQUIRE A TECHNOLOGY SERVICES COMPANY TO OBTAIN A DELIVERY SERVICE PERMIT FOR PROVIDING SOFTWARE OR A DIGITAL NETWORK APPLICATION THAT CONNECTS CONSUMERS AND LICENSED RETAILERS FOR THE DELIVERY OF ALCOHOL BEVERAGES FROM THE LICENSED RETAILER BY EMPLOYEES OR OTHER DELIVERY SERVICE PROVIDERS OF THE LICENSED RETAILER. HOWEVER, THE ACT OF CONNECTING CONSUMERS TO LICENSED RETAILERS SHALL SERVE TO GRANT JURISDICTION TO THE STATE OF COLORADO.
(7) THERE SHALL BE NO LIMIT TO THE PERCENTAGE OF A LICENSEE'S GROSS ANNUAL REVENUES FROM TOTAL SALES OF ALCOHOL BEVERAGES THAT THE LICENSEE MAY DERIVE FROM ALCOHOL BEVERAGE DELIVERIES.
(8) THE STATE LICENSING AUTHORITY MAY ENFORCE THE REQUIREMENTS OF THIS SECTION BY THE SAME ADMINISTRATIVE PROCEEDINGS THAT APPLY TO ALCOHOL BEVERAGE LICENSES OR PERMITS, INCLUDING WITHOUT LIMITATION ANY DISCIPLINARY ACTION APPLICABLE TO THE SELLING LICENSEE, OR THE DELIVERY SERVICE PERMITTEE RESULTING FROM ANY UNLAWFUL SALE TO A MINOR.
(9) THE STATE LICENSING AUTHORITY MAY ENFORCE THE REQUIREMENTS OF THIS SECTION AGAINST THE SELLING LICENSEE, DELIVERY SERVICE PERMITTEE, AND ANY EMPLOYEE OR INDEPENDENT CONTRACTOR OF SUCH, IRRESPECTIVE OF THE STATUS OF ANY DELIVERY SERVICE PERSONNEL AS AN INDEPENDENT CONTRACTOR OR EMPLOYEE. IF A LICENSEE IS ALSO A DELIVERY PERMITTEE, A VIOLATION OF THIS ARTICLE 3 OR ARTICLE 4 OR 5 OF THIS TITLE 44 BY ITS EMPLOYEE OR INDEPENDENT CONTRACTOR DURING DELIVERY WILL SUBJECT BOTH THE RETAILER'S PERMIT AND DELIVERY SERVICE PERMIT TO DISCIPLINARY ACTION FOR THE VIOLATION. DELIVERY TO A MINOR SHALL BE TREATED AS FURNISHING TO A MINOR AND SHALL RESULT IN ANY APPLICABLE DISCIPLINARY ACTION.
(10) THE STATE LICENSING AUTHORITY SHALL PROMULGATE RULES AS NECESSARY FOR THE PROPER DELIVERY OF ALCOHOL BEVERAGES AS PERMITTED BY THIS SECTION 911.5.
SECTION 14: In Colorado Revised Statutes, 44-3-409, repeal (3)(a)(II) and (IV) as follows:
44-3-409. Retail liquor store license – rules.
(II) The delivery is made by an employee--------------------------------------------least twenty one years of age and who is using a vehicle owned or leased by the licensee to make the delivery;
(IV) The retail liquor store derives no more than fifty percent of its gross annual revenues from -------------------------------
SECTION 15: In Colorado Revised Statutes, 44-3-410, repeal (3)(a)(II) and (IV) as follows:
Liquor-licensed drugstore license – multiple licenses permitted – requirements – rules.
(II) The delivery is made by an employee of the liquor-licensed drugstore who is at least twenty-one years of age and who is using a vehicle owned or leased by the licensee to make the delivery;
--------------licensed drugstore derives no more than fifty percent of its gross annual ------------------------------------------------licensed drugstore delivers.
SECTION 16: In Colorado Revised Statutes, 44-3-911, repeal (2)(c), (3)(b), and (7) as follows:
Takeout and delivery of alcohol beverages – permit – on-premises consumption licenses – requirements and limitations – rules – definition – repeal.
(c) Derive no more than fifty percent of its gross annual revenues from total sales of food and alcohol beverages from the sale of alcohol beverages through takeout orders-------------------------------
---------------------------------apply if the governor has declared a disaster emergency under part 7 of article 33.5 of title 24; or (II) This subsection (2)(c) does not apply to a sales room at a promises licensed under section 44-3-402 or 44-3-407; and (3) (b) Be an employee of the licensee who is twenty-one years of age or older;
(7) This section is repealed, effective July 1, 2025.
SECTION 17: In Colorado Revised Statutes, 44-4-107, repeal (6)(a)(II) and (IV) as follows:
44-4-107. Local licensing authority – application – fees – definitions – rules.
(II) The delivery is made by an employee of the fermented malt beverage retailor who is at least twenty-one years of age and who is using a vehicle owned or leased by the licensee to make the delivery;
------------fermented malt beverage retailor derives no more than fifty percent of its gross annual revenues from total sales of fermented malt beverages from the sale of fermented malt beverages that the fermented malt beverage retailor delivers.
SECTION 18. Effective date:
This act takes effect on March 1, 2023.
2021-2022 #115
Title
A change to the Colorado Revised Statutes concerning the expansion of retail sale of alcohol beverages, and, in connection therewith, establishing a new fermented malt beverage and wine retailer license for off-site consumption to allow grocery stores, convenience stores, and other business establishments licensed to sell fermented malt beverages, such as beer, for off-site consumption to also sell wine; automatically converting such fermented malt beverage retailer license to the new license; allowing fermented malt beverage and wine retailer licensees to conduct tastings if approved by the local licensing authority; allowing retail establishments, including restaurants and liquor stores, to deliver any alcohol beverages, they are licensed to sell, to a person 21 years of age or older through a third-party delivery service that has obtained a delivery service permit; and removing the limit on the percentage of gross sales revenues a licensee may derive from alcohol beverage deliveries.
Filed Text
Be it enacted by the People of the State of Colorado:
SECTION 1: Declaration
The People of the State of Colorado hereby find and declare that Article 4 of Title 44, Colorado Revised Statutes, known as the "Colorado Beer Code", shall be amended to allow, beginning March 1, 2023, the sale of wine in grocery and convenience stores that are licensed to sell beer; and permit home delivery of alcohol sales made by licensed retailers through a third-party home delivery service provider.
SECTION 2. In Colorado Revised Statutes, 44-3-103, add (11.8), (18.5), (32.5), and (60.5) as follows:
44-3-103. Definitions.
As used in this article 3 and article 4 of this title 44, unless the context otherwise requires:
(11.8) "DELIVERY SERVICE PERMITTEE" MEANS ANY INDIVIDUAL, LIMITED LIABILITY COMPANY, CORPORATION, OR PARTNERSHIP THAT HOLDS A PERMIT TO DELIVER ALCOHOL UNDER SECTION 44-3-911.5.
(18.5) "FERMENTED MALT BEVERAGE AND WINE RETAILER" MEANS A RETAILER LICENSED UNDER ARTICLE 4 OF THIS TITLE 44 TO SELL FERMENTED MALT BEVERAGES AND WINE, BUT NOT SPIRITUOUS LIQUORS, IN ORIGINAL SEALED CONTAINERS FOR CONSUMPTION OFF THE LICENSED PREMISES.
(32.5) "OFF-PREMISES RETAILER" MEANS ANY RETAILER LICENSED UNDER THIS ARTICLE 3 OR ARTICLE 4 OF THIS TITLE 44 THAT IS ALLOWED TO SELL ALCOHOL BEVERAGES AT RETAIL FOR CONSUMPTION OFF THE LICENSED PREMISES. (60.5) "WINE" MEANS VINOUS LIQUORS
SECTION 3. In Colorado Revised Statutes, 44-3-301, amend 9(a)(I)(B), (10)(b), 10(c)(I)(A), 10(c)(XII), 10(d), 10(e); and repeal and reenact, with amendments, (12) as follows:
44-3-301. Licensing in general.
(9) (a)(I)(B) The state and local licensing authorities shall not grant permission under this subsection (9)(a)(I) to a fermented malt beverage AND WINE retailer licensed under section 44-4-107 (1)(a) to move its permanent location if the new location is: Within one thousand five hundred feet of a retail liquor store licensed under section 44-3-409 ; for a premises located in a municipality with a population of ten thousand or fewer, within three thousand feet of a retail liquor store licensed under section 44-3-409 ; or, for a premises located in a municipality with a population of ten thousand or fewer that is contiguous to the city and county of Denver, within one thousand five hundred feet of a retail liquor store licensed under section 44-3-409.
(10) (b) A retail liquor store, or liquor-licensed drugstore, OR FERMENTED MALT BEVERAGE AND WINE RETAILER licensee who wishes to conduct tastings may submit an application or application renewal to the local licensing authority. The local licensing authority may reject the application if the applicant fails to establish that he or she is able to conduct tastings without violating the provisions of this section or creating a public safety risk to the neighborhood. A local licensing authority may establish its own application procedure and may charge a reasonable application fee.
(c) Tastings are subject to the following limitations:
(I) Tastings shall be conducted only:
(A) By a person who: Has completed a server training program that meets the standards established by the liquor enforcement division in the department and is a retail liquor store, or liquor-licensed drugstore, OR FERMENTED MALT BEVERAGE AND WINE RETAILER licensee, an employee of a retail liquor store, or liquor-licensed drugstore, OR FERMENTED MALT BEVERAGE AND WINE RETAILER licensee, or a representative, employee, or agent of the licensed wholesaler, brew pub, distillery pub, manufacturer, limited winery, importer, or vintner's restaurant promoting the alcohol beverages for the tasting; and
(XII) No manufacturer of spirituous or vinous liquors shall induce a licensee through free goods or financial or in-kind assistance to favor the manufacturer's products being sampled at a tasting. The retail liquor store, or liquor-licensed drugstore, OR FERMENTED MALT BEVERAGE AND WINE RETAILER licensee bears the financial and all other responsibility for a tasting conducted on its licensed premises.
(d) A violation of a limitation specified in this subsection (10) by a retail liquor store, or liquor-licensed drugstore, OR FERMENTED MALT BEVERAGE AND WINE RETAILER licensee, whether by the licensee's employees, agents, or otherwise or by a representative, employee, or agent of the licensed wholesaler, brew pub, distillery pub, manufacturer, limited winery, importer, or vintner's restaurant that promoted the alcohol beverages for the tasting, is the responsibility of, and section 44-3-801 applies to, the retail liquor store, or liquor-licensed drugstore, OR FERMENTED MALT BEVERAGE AND WINE RETAILER licensee that conducted the tasting.
(e) A retail liquor store, or liquor-licensed drugstore, OR FERMENTED MALT BEVERAGE AND WINE RETAILER licensee conducting a tasting shall be subject to the same revocation, suspension, and enforcement provisions as otherwise apply to the licensee.
(12) (a) NOTWITHSTANDING ANY OTHER PROVISION OF THIS ARTICLE 3, ON AND AFTER JULY 1, 2016, THE STATE AND LOCAL LICENSING AUTHORITIES SHALL NOT ISSUE A NEW LICENSE UNDER THIS ARTICLE 3 AUTHORIZING THE SALE AT RETAIL OF MALT, VINOUS, OR SPIRITUOUS LIQUORS IN SEALED CONTAINERS FOR CONSUMPTION OFF THE LICENSED PREMISES IF THE PREMISES FOR WHICH THE RETAIL LICENSE IS SOUGHT IS LOCATED:
(I) WITHIN ONE THOUSAND FIVE HUNDRED FEET OF ANOTHER LICENSED PREMISES LICENSED TO SELL MALT, VINOUS, OR SPIRITUOUS LIQUORS AT RETAIL FOR OFF-PREMISES CONSUMPTION;
(II) FOR A PREMISES LOCATED IN A MUNICIPALITY WITH A POPULATION OF TEN THOUSAND OR FEWER, WITHIN THREE THOUSAND FEET OF ANOTHER LICENSED PREMISES LICENSED TO SELL MALT, VINOUS, OR SPIRITUOUS LIQUORS AT RETAIL FOR OFF-PREMISES CONSUMPTION; OR
(III) FOR A PREMISES LOCATED IN A MUNICIPALITY WITH A POPULATION OF TEN THOUSAND OR FEWER THAT IS CONTIGUOUS TO THE CITY AND COUNTY OF DENVER, WITHIN ONE THOUSAND FIVE HUNDRED FEET OF ANOTHER LICENSED PREMISES LICENSED TO SELL MALT, VINOUS, OR SPIRITUOUS LIQUORS AT RETAIL FOR OFF-PREMISES CONSUMPTION.
(a.5)(I) NOTWITHSTANDING ANY OTHER PROVISION OF SUBSECTION 12(a) OF THIS SECTION, ON AND AFTER MARCH 1, 2023, THE STATE AND LOCAL LICENSING AUTHORITIES SHALL NOT ISSUE A NEW FERMENTED MALT BEVERAGE AND WINE RETAILER'S LICENSE UNDER ARTICLE 4 OF THIS TITLE 44 AUTHORIZING THE SALE AT RETAIL OF FERMENTED MALT BEVERAGES AND WINE IN SEALED CONTAINERS FOR CONSUMPTION OFF THE LICENSED PREMISES IF THE PREMISES FOR WHICH THE RETAIL LICENSE IS SOUGHT IS LOCATED WITHIN FIVE HUNDRED FEET OF A RETAIL LIQUOR STORE LICENSED UNDER SECTION 44-3-409.
(II) THIS SUBSECTION (12)(a.5) DOES NOT APPLY TO A PERSON THAT OWNS OR LEASES A PROPOSED FERMENTED MALT BEVERAGE RETAILER LICENSED PREMISES AND, AS OF JANUARY 1, 2019, HAS APPLIED FOR OR RECEIVED FROM THE MUNICIPALITY, CITY AND COUNTY, OR COUNTY IN WHICH THE PREMISES ARE LOCATED:
(A) A BUILDING PERMIT FOR THE STRUCTURE TO BE USED FOR THE FERMENTED MALT BEVERAGE RETAILER LICENSED PREMISES, WHICH PERMIT IS CURRENTLY ACTIVE AND WILL NOT EXPIRE BEFORE THE COMPLETION OF THE LIQUOR LICENSING PROCESS; OR
(B) A CERTIFICATE OF OCCUPANCY FOR THE STRUCTURE TO BE USED FOR THE FERMENTED MALT BEVERAGE RETAILER LICENSED PREMISES.
(b) FOR PURPOSES OF SUBSECTION (12)(a) OF THIS SECTION, A LICENSE UNDER THIS ARTICLE 3 AUTHORIZING THE SALE AT RETAIL OF MALT, VINOUS, OR SPIRITUOUS LIQUORS IN SEALED CONTAINERS FOR CONSUMPTION OFF THE LICENSED PREMISES INCLUDES A LICENSE UNDER THIS ARTICLE 3 AUTHORIZING THE SALE OF MALT AND VINOUS LIQUORS IN SEALED CONTAINERS NOT TO BE CONSUMED AT THE PLACE WHERE THE MALT AND VINOUS LIQUORS ARE SOLD.
(c)(1) FOR PURPOSES OF DETERMINING WHETHER THE DISTANCE REQUIREMENTS SPECIFIED IN SUBSECTIONS (12)(a) AND (12)(a.5) OF THIS SECTION ARE SATISFIED, THE DISTANCE SHALL BE DETERMINED BY A RADIUS MEASUREMENT THAT BEGINS AT THE PRINCIPAL DOORWAY OF THE PREMISES FOR WHICH THE APPLICATION IS MADE AND ENDS AT THE PRINCIPAL DOORWAY OF THE OTHER RETAIL LICENSED PREMISES.
(II) THIS SUBSECTION (12) DOES NOT APPLY TO THE CONVERSION OF A LICENSE UNDER SECTION 44-4-107(1)(a)(II).
(III) NOTWITHSTANDING ANY OTHER PROVISION OF SUBSECTION (12)(a) OF THIS SECTION, THE STATE AND LOCAL LICENSING AUTHORITIES SHALL NOT ISSUE A NEW RETAIL LIQUOR STORE LICENSE UNDER ARTICLE 3 OF THIS TITLE 44 AUTHORIZING THE SALE AT RETAIL OF MALT, VINOUS, OR SPIRITUOUS LIQUORS IN SEALED CONTAINERS FOR CONSUMPTION OFF THE LICENSED PREMISES IF THE PREMISES FOR WHICH THE RETAIL LICENSE IS SOUGHT IS LOCATED WITHIN FIVE HUNDRED FEET OF A FERMENTED MALT BEVERAGE AND WINE RETAILER LICENSED UNDER SECTION 44-4-107.
SECTION 4. In Colorado Revised Statutes, 44-3-313, amend (1)(e)(I), (1)(e)(II), (1)(e)(IV), and (1)(e)(V) as follows:
44-3-313. Restrictions for applications for new license.
(1) An application for the issuance of any license specified in section 44-3-309 (1) or 44-4-107 (1) shall not be received or acted upon:
(e)(I) If the building in which the fermented malt beverages AND WINE are to be sold pursuant to a license under section 44-4-107 (1)(a) is located within five hundred feet of any public or parochial school or the principal campus of any college, university, or seminary; except that this subsection (1)(e)(I) does not apply to:
(A) Licensed premises located or to be located on land owned by a municipality;
(B) An existing licensed premises on land owned by the state;
(C) A fermented malt beverage AND WINE retailer that held a valid license and was actively doing business before the principal campus was constructed;
(D) A club located within the principal campus of any college, university, or seminary that limits its membership to the faculty or staff of the institution; or
(E) A campus liquor complex.
(II) The distances referred to in subsection (1)(e)(I) of this section are to be computed by direct measurement from the nearest property line of the land used for school purposes to the nearest portion of the building in which fermented malt beverages AND WINE are to be sold, using a route of direct pedestrian access.
(IV) In addition to the requirements of section 44-3-312 (2), the local licensing authority shall consider the evidence and make a specific finding of fact as to whether the building in which the fermented malt beverages AND WINE are to be sold is located within any distance restriction established by or pursuant to this subsection (1)(e). The finding is subject to judicial review pursuant to section 44-3-802.
(V) This subsection (1)(e) applies to:
(A) Applications for new fermented malt beverage AND WINE retailer's licenses under section 44-4-107 (1)(a) submitted on or after -----------------MARCH 1, 2023; and
(B) Applications submitted on or after ----------------MARCH 1, 2023, under section 44-3-301 (9) by fermented malt beverage AND WINE retailers licensed under section 44-4-107 (1)(a) to change the permanent location of the fermented malt beverage AND WINE retailer's licensed premises.
SECTION 5. In Colorado Revised Statutes, 44-3-901, amend (1)(g), (1)(i)(III), (6)(i)(II), (6)(k)(I), (6)(k)(II)(B), (6)(k)(IV), (6)(k)(V), and (6)(p)(III), and (8)(b) as follows:
44-3-901. Unlawful acts – exceptions – definitions
(1) Except as provided in section 18-13-122, it is unlawful for any person:
(g) To sell at retail any malt, vinous, or spirituous liquors in sealed containers without holding a retail liquor store or liquor-licensed drugstore license, except as permitted by section 44-3-107 (2) or 44-3-301 (6)(b) or any other provision of this article 3, or to sell at retail any fermented malt beverages in sealed containers without holding a fermented malt beverage retailer's license under section 44-4-104 (1)(c) OR TO SELL AT RETAIL ANY FERMENTED MALT BEVERAGES AND WINE IN SEALED CONTAINERS WITHOUT HOLDING A FERMENTED MALT BEVERAGE AND WINE RETAILER'S LICENSE UNDER SECTION 44-4-107 (1)(a).
(i)(III)(A) Notwithstanding subsection (1)(i)(I) of this section, it shall not be unlawful for adult patrons of a retail liquor store or liquor-licensed drugstore licensee to consume malt, vinous, or spirituous liquors on the licensed premises when the consumption is conducted within the limitations of the licensee's license and is part of a tasting if authorization for the tasting has been granted pursuant to section 44-3-301.
(i)(III)(B) NOTWITHSTANDING SUBSECTION (1)(i)(I) OF THIS SECTION, IT SHALL NOT BE UNLAWFUL FOR ADULT PATRONS OF A FERMENTED MALT BEVERAGE AND WINE RETAILER LICENSEE TO CONSUME MALT OR VINOUS LIQUORS ON THE LICENSED PREMISES WHEN THE CONSUMPTION IS CONDUCTED WITHIN THE LIMITATIONS OF THE LICENSEE'S LICENSE AND IS PART OF A TASTING IF AUTHORIZATION FOR THE TASTING HAS BEEN GRANTED PURSUANT TO SECTION 44-3-301.
(6) It is unlawful for any person licensed to sell at retail pursuant to this article 3 or article 4 of this title 44:
(i)(II) Notwithstanding subsection (6)(i)(I) of this section, it shall not be unlawful for a retail liquor store, liquor-licensed drugstore, or FERMENTED MALT BEVERAGE AND WINE RETAILER licensee to allow tastings to be conducted on his or her licensed premises if authorization for the tastings has been granted pursuant to section 44-3-301.
(k)(I) Except as provided in subsections (6)(k)(II), (6)(k)(IV), and (6)(k)(V) of this section, to have on the licensed premises, if licensed as a retail liquor store, liquor licensed drugstore, fermented malt beverage retailer, OR FERMENTED MALT BEVERAGE AND WINE RETAILER, any container that shows evidence of having once been opened or that contains a volume of liquor less than that specified on the label of the container;
(II)(B) A person holding a fermented malt beverage AND WINE retailer's license under section 44-4-107 (1)(a) may have upon the licensed premises fermented malt beverages AND WINE in open containers when the open containers were brought onto the licensed premises by and remain solely in the possession of the sales personnel of a person licensed to sell at wholesale pursuant to article 4 of this title 44 for the purpose of sampling fermented malt beverages AND WINE by the fermented malt beverage AND WINE retailer licensee only.
(IV) It is not unlawful for a retail liquor store, liquor-licensed drugstore, or FERMENTED MALT BEVERAGE AND WINE RETAILER licensee to allow tastings to be conducted on the licensed premises if authorized for the tastings has been granted pursuant to section 44-3-301.
(V) A person holding a retail liquor store or liquor-licensed drugstore license under this article 3 or a fermented malt beverage AND WINE retailer's license under section 44-4-107 (1)(a) may have upon the licensed premises an open container of an alcohol beverage product that the licensee discovers to be damaged or defective so long as the licensee marks the product as damaged or for return and stores the open container outside the sales area of the licensed premises until the licensee is able to return the product to the wholesaler from whom the product was purchased.
(p)(III) If licensed as a retail liquor store under section 44-3-409, a liquor-licensed drugstore under section 44-3-410, or a fermented malt beverage AND WINE retailer under section 44-4-107 (1)(a), to permit an employee OR ANY OTHER PERSON who is under twenty-one years of age to deliver malt, vinous, or spirituous liquors or fermented malt beverages offered for sale on, or sold and removed from, the licensed premises of the retail liquor store, liquor-licensed drugstore, or fermented malt beverage AND WINE retailer. (8)(b) Notwithstanding subsection (8)(a) of this section, it shall not be unlawful for a retail liquor store, liquor-licensed drugstore, or FERMENTED MALT BEVERAGE AND WINE RETAILER licensee to allow tasting to be conducted on his or her licensed premises if authorization for the tastings has been granted pursuant to section 44-3-301.
SECTION 6. In Colorado Revised Statutes, amend 44-4-101 as follows:
44-4-101. Short title.
The short title of this article 4 is the "Colorado Beer AND WINE Code".
SECTION 7. In Colorado Revised Statutes, amend 44-4-102 as follows:
44-4-102. Legislative declaration.
(1) The general assembly hereby declares that it is in the public interest that fermented malt beverages AND WINE FOR CONSUMPTION OFF THE PREMISES OF THE LICENSEE, FERMENTED MALT BEVERAGES FOR CONSUMPTION ON THE PREMISES OF THE LICENSEE, AND FERMENTED MALT BEVERAGES FOR CONSUMPTION BOTH ON AND OFF THE PREMISES OF THE LICENSEE shall be sold at retail only by persons licensed as provided in this article 4 TITLE 44. The general assembly further declares that it is lawful to sell fermented malt beverages AND WINE at retail subject to this article 4 and applicable provisions of articles 3 and 5 of this title 44.
(2) The general assembly further recognizes that fermented malt beverages and malt liquors are separate and distinct from, and have a unique regulatory history in relation to, vinous and spirituous liquors; however, maintaining a separate regulatory framework and licensing structure for fermented malt beverages AND FERMENTED MALT BEVERAGES AND WINE under this article 4 is no longer necessary except at the retail level. Furthermore, to aid administrative efficiency, article 3 of this title 44 applies to the regulation of fermented malt beverages AND FERMENTED MALT BEVERAGES AND WINE, except when otherwise expressly provided for in this article 4.
SECTION 8. In Colorado Revised Statutes, 44-4-103, amend (2) and (3) ; and add (7) as follows:
44-4-103. Definitions.
Definitions applicable to this article 4 also appear in article 3 of this title 44. As used in this article 4, unless the context otherwise requires:
(2) "License" means a grant to a licensee to sell fermented malt beverages OR FERMENTED MALT BEVERAGES AND WINE at retail as provided by this article 4.
(3) "Licensed premises" means the premises specified in an application for a license under this article 4 that are owned or in possession of the licensee and within which the licensee is authorized to sell, dispense, or serve fermented malt beverages OR FERMENTED MALT BEVERAGES AND WINE in accordance with the provisions of this article 4.
(7) "WINE" MEANS VINOUS LIQUORS, AS DEFINED IN SECTION 44-3-103(59), WHEN PURCHASED BY A FERMENTED MALT BEVERAGE AND WINE RETAILER FROM A WHOLESALER LICENSED PURSUANT TO ARTICLE 3 OF THIS TITLE 44.
SECTION 9. In Colorado Revised Statutes, 44-4-104, repeal and reenact, with amendments, (1) as follows:
44-4-104. Licenses – state license fees – requirements – definition.
(I) THE LICENSES TO BE GRANTED AND ISSUED BY THE STATE LICENSING AUTHORITY PURSUANT TO THIS ARTICLE 4 FOR THE RETAIL SALE OF FERMENTED MALT BEVERAGES OR FERMENTED MALT BEVERAGES AND WINE ARE AS FOLLOWS:
(a) AND (b) REPEALED.(c)(I)(A) A RETAILER'S LICENSE SHALL BE GRANTED AND ISSUED TO ANY PERSON, PARTNERSHIP, ASSOCIATION, ORGANIZATION, OR CORPORATION QUALIFYING UNDER SECTION 44-3-301 AND NOT PROHIBITED FROM LICENSURE UNDER SECTION 44-3-307 TO SELL AT RETAIL FERMENTED MALT BEVERAGES AND WINE EITHER FOR CONSUMPTION OFF THE LICENSED PREMISES, OR FERMENTED MALT BEVERAGES FOR CONSUMPTION ON THE LICENSED PREMISES OR, SUBJECT TO SUBSECTION (1)(c)(III) OF THIS SECTION, FERMENTED MALT BEVERAGES FOR CONSUMPTION ON AND OFF THE LICENSED PREMISES, UPON PAYING AN ANNUAL LICENSE FEE OF SEVENTY-FIVE DOLLARS TO THE STATE LICENSING AUTHORITY.
(B) A PERSON LICENSED PURSUANT TO THIS SUBSECTION (1)(c) TO SELL FERMENTED MALT BEVERAGES OR FERMENTED MALT BEVERAGES AND WINE AT RETAIL SHALL PURCHASE THE FERMENTED MALT BEVERAGES OR FERMENTED MALT BEVERAGES AND WINE ONLY FROM A WHOLESALER LICENSED PURSUANT TO ARTICLE 3 OF THIS TITLE 44.
(II) EXCEPT AS OTHERWISE PROVIDED IN SUBSECTION (1)(c)(III) OF THIS SECTION:
(A) THE STATE LICENSING AUTHORITY SHALL NOT ISSUE A NEW OR RENEW A FERMENTED MALT BEVERAGE RETAILER'S LICENSE FOR THE SALE OF FERMENTED MALT BEVERAGES FOR CONSUMPTION ON AND OFF THE LICENSED PREMISES; AND
(B) ANY LICENSEE HOLDING A FERMENTED MALT BEVERAGE LICENSE AUTHORIZING THE SALE OF FERMENTED MALT BEVERAGES FOR CONSUMPTION ON AND OFF THE LICENSED PREMISES THAT WAS ISSUED BY THE STATE LICENSING AUTHORITY UNDER THIS SUBSECTION (1)(c) BEFORE JUNE 4, 2018, THAT APPLIES TO RENEW THE LICENSE ON OR AFTER JUNE 4, 2018, AND WHOSE LICENSED PREMISES IS LOCATED IN A COUNTY WITH A POPULATION OF THIRTY-FIVE THOUSAND OR MORE AND NOT IN AN UNDERSERVED AREA MUST SIMULTANEOUSLY APPLY TO CONVERT THE LICENSE EITHER TO A LICENSE FOR THE SALE OF FERMENTED MALT BEVERAGES AT RETAIL FOR CONSUMPTION OFF THE LICENSED PREMISES OR TO A LICENSE FOR THE SALE OF FERMENTED MALT BEVERAGES AT RETAIL FOR CONSUMPTION ON THE LICENSED PREMISES.
(III)
(A) THE STATE LICENSING AUTHORITY MAY ISSUE A NEW OR RENEW A FERMENTED MALT BEVERAGE RETAILER'S LICENSE FOR THE SALE OF FERMENTED MALT BEVERAGES FOR CONSUMPTION ON AND OFF THE LICENSED PREMISES IF THE LICENSED PREMISES IS LOCATED IN A COUNTY WITH A POPULATION OF LESS THAN THIRTY-FIVE THOUSAND OR IN AN UNDERSERVED AREA.
(B) REPEALED.
(III) AS USED IN THIS SUBSECTION (1)(c), "UNDERSERVED AREA" MEANS AN AREA THAT IS WITHIN A COUNTY WITH A POPULATION OF THIRTY-FIVE THOUSAND OR MORE BUT LIES OUTSIDE OF MUNICIPAL BOUNDARIES OR IS A CITY OR TOWN WITH A POPULATION OF LESS THAN SEVEN THOUSAND FIVE HUNDRED.
(IV) FOR PURPOSES OF THIS SUBSECTION (1)(C), POPULATION IS DETERMINED ACCORDING TO THE MOST RECENTLY AVAILABLE POPULATION STATISTICS OF THE UNITED STATES CENSUS BUREAU.
(d) REPEALED.
(e)
(I) NOTWITHSTANDING ANY LAW TO THE CONTRARY, BEGINNING ON JANUARY 31, 2019, THE STATE LICENSING AUTHORITY SHALL NOT ISSUE OR RENEW ANY LICENSES UNDER THIS SECTION EXCEPT FOR LICENSES AUTHORIZED UNDER SUBSECTION (1)(c) OF THIS SECTION.
(II) LICENSES ISSUED BY THE STATE LICENSING AUTHORITY UNDER SUBSECTION (1)(a), (1)(b), OR (1)(d) OF THIS SECTION IN EFFECT ON JANUARY 31, 2019, IMMEDIATELY CONVERT, ON JANUARY 31, 2019, WITHOUT ANY FURTHER ACT BY THE STATE LICENSING AUTHORITY OR THE LICENSEE, AS FOLLOWS:
(A) A MANUFACTURER'S LICENSE THAT WAS ISSUED UNDER SUBSECTION (1) (a) OF THIS SECTION, AS IT EXISTED BEFORE JANUARY 31, 2019, CONVERTS TO A MANUFACTURER'S LICENSE ISSUED PURSUANT TO SECTION 44-3-402 FOR THE MANUFACTURE OF MALT LIQUORS;
(B) A WHOLESALER'S LICENSE THAT WAS ISSUED UNDER SUBSECTION (1)(b) OF THIS SECTION, AS IT EXISTED BEFORE JANUARY 31, 2019, CONVERTS TO A WHOLESALER'S BEER LICENSE ISSUED PURSUANT TO SECTION 44-3-407 (1)(b);
(C) A NONRESIDENT MANUFACTURER'S LICENSE THAT WAS ISSUED UNDER SUBSECTION (1)(d)(I) OF THIS SECTION, AS IT EXISTED BEFORE JANUARY 31, 2019, CONVERTS TO A NONRESIDENT MANUFACTURER'S LICENSE ISSUED PURSUANT TO SECTION 44-3-406 (1); AND
(D) AN IMPORTER'S LICENSE THAT WAS ISSUED UNDER SUBSECTION (1)(d)(II) OF THIS SECTION, AS IT EXISTED BEFORE JANUARY 31, 2019, CONVERTS TO A MALT LIQUOR IMPORTER'S LICENSE ISSUED PURSUANT TO SECTION 44-3-406 (2).
(III) THE CONVERSION OF A LICENSE ISSUED UNDER SUBSECTION (1)(a), (1)(b), OR (1)(d) OF THIS SECTION TO A LICENSE ISSUED UNDER ARTICLE 3 OF THIS TITLE 44 PURSUANT TO SUBSECTION (1)(e)(II) OF THIS SECTION IS A CONTINUATION OF THE PRIOR LICENSE ISSUED PURSUANT TO THIS ARTICLE 4 AND DOES NOT AFFECT:
(A) ANY PRIOR DISCIPLINE, LIMITATION, OR CONDITION IMPOSED BY THE STATE LICENSING AUTHORITY ON A LICENSEE;
(B) THE DEADLINE FOR RENEWAL OF A LICENSE; OR
(C) ANY PENDING OR FUTURE INVESTIGATION OR ADMINISTRATIVE PROCEEDING.
SECTION 10. In Colorado Revised Statutes, 44-4-105, amend (1)(a)(I)(A) as follows:
44-4-105. Fees and taxes – allocation.
(1)(a)(I)(A) Applications for new fermented malt beverage AND NEW FERMENTED MALT BEVERAGE AND WINE RETAILER licenses pursuant to section 44-3-301 and rules thereunder;
SECTION 11. In Colorado Revised Statutes, 44-4-106, amend (1) introductory portion, (1)(a), and (1)(b) as follows:
44-4-106. Lawful acts.
(1) It is lawful for a person under eighteen years of age who is under the supervision of a person on the premises eighteen years of age or older to be employed in a place of business where fermented malt beverages OR WINE are sold at retail in containers for off-premises consumption. During the normal course of such employment, any person under twenty-one years of age may handle and otherwise act with respect to fermented malt beverages OR WINE in the same manner as that person does with other items sold at retail; except that:
(a) A person under eighteen years of age shall not sell or dispense fermented malt beverages OR WINE, check age identification, or make deliveries beyond the customary parking area for the customers of the retail outlet; and
(b) A person who is under twenty-one years of age shall not deliver fermented malt beverages OR WINE in sealed containers to customers under section 44-4-------------------.
SECTION 12. In Colorado Revised Statutes, 44-4-107, amend (1) introductory portion, (I) (a), (1)(b), (1)(c)(I), (4), (5), and (6); and add (1)(a)(II), (6)(c), and (7) as follows:
44-4-107. Local licensing authority – application – fees – definition – rules. (1) The local licensing authority shall issue only the following classes of fermented malt beverage licenses:
(2)
(a)(I) Sales OF FERMENTED MALT BEVERAGES AND WINE for consumption off the premises of the licensee;
(II) A LICENSE ISSUED BY THE LOCAL AND STATE LICENSING AUTHORITIES UNDER THIS SUBSECTION (1)(a) OF THIS SECTION IN EFFECT ON MARCH 1, 2023, SHALL IMMEDIATELY CONVERT FROM A LICENSE TO SELL FERMENTED MALT BEVERAGE FOR CONSUMPTION OFF THE PREMISES TO A FERMENTED MALT BEVERAGES AND WINE RETAILER LICENSE, ON MARCH 1, 2023, WITHOUT ANY FURTHER ACTION BY THE STATE OR LOCAL LICENSING AUTHORITY OR THE LICENSEE.
(b) Sales OF FERMENTED MALT BEVERAGES for consumption on the premises of the licensee;
(c)(I) Subject to subsections (1)(c)(II) and (1)(c)(III) of this section, sales OF FERMENTED MALT BEVERAGES for consumption both on and off the premises of the licensee.
(4) On or after ------------------------MARCH 1, 2023, a fermented malt beverage AND WINE retailer licensed under subsection (1)(a) of this section:
(a)(I) Shall not sell fermented malt beverages OR WINE to consumers at a price that is below the retailer's cost, as listed on the invoice, to purchase the fermented malt beverages OR WINE, unless the sale is of discontinued or close-out fermented malt beverages OR WINE.
(II) This subsection (4)(a) does not prohibit a fermented malt beverage AND WINE retailer from operating a bona fide loyalty or rewards program for fermented malt beverages OR WINE so long as the price for the product is not below the retailer's costs as listed on the invoice. The state licensing authority may adopt rules to implement this subsection (4)(a).
(b) Shall not allow consumers to purchase fermented malt beverages OR WINE at a self-checkout or other mechanism that allows the consumer to complete the fermented malt beverages OR WINE purchase without assistance from and completion of the entire transaction by an employee of the fermented malt beverage AND WINE retailer.
(5) A person licensed under subsection (1)(a) of this section that holds multiple fermented malt beverage AND WINE retailer's licenses for multiple licensed premises may operate under a single or consolidated corporate entity but shall not commingle purchases of or credit extensions for purchases of alcohol beverage product from a wholesaler licensed under article 3 of this title 44 for more than one licensed premises. A wholesaler licensed under article 3 of this title 44 shall not base the price for the alcohol beverage product it sells to a fermented malt beverage AND WINE retailer licensed under subsection (1)(a) of this section on the total volume of alcohol beverage product that the retailer purchases for multiple licensed premises.
(6) (a) A person licensed under subsection (1)(a) of this section who complies with this subsection (6) and rules promulgated under this subsection (6) may deliver fermented malt beverages AND WINE in sealed containers to a person of legal age if:
(I) The person receiving the delivery of fermented malt beverages OR WINE is located at a place that is not licensed pursuant to this section;
(II) The delivery is made by an employee of the fermented malt beverage AND WINE retailer who is at least twenty-one years of age and who is using a vehicle owned or leased by the licensee to make the delivery;
(III) The person making the delivery verifies, in accordance with section 44-3-901 (11), that the person receiving the delivery of fermented malt beverages OR WINE is at least twenty-one years of age; and
(IV) The fermented malt beverage retailer derives no more than fifty percent of its gross annual revenues from total sales of fermented malt beverages from the sale of fermented malt beverages that the fermented malt beverage retailer delivers.
(b) The state licensing authority shall promulgate rules as necessary for the proper delivery of fermented malt beverages pursuant to this subsection (6) and may issue a permit to any person who is licensed pursuant to and delivers fermented malt beverages under subsection (1)(a) of this section. A permit issued under this subsection (6) is subject to the same suspension and revocation provisions as are set forth in section 44-3-601 for other licenses granted pursuant to article 3 of this title 44
(c) A PERSON LICENSED UNDER SUBSECTION (1)(a) OF THIS SECTION MAY ALSO DELIVER THROUGH A THIRD-PARTY DELIVERY AGENT OR A DELIVERY SERVICE PERMITTEE IN COMPLIANCE WITH SECTION 44-3-911.5.
(7) A FERMENTED MALT BEVERAGE AND WINE RETAILER MAY ALLOW TASTINGS OF FERMENTED MALT BEVERAGES OR WINE TO BE CONDUCTED ON THE LICENSED PREMISES IF THE LICENSEE HAS RECEIVED AUTHORIZATION TO CONDUCT TASTINGS PURSUANT TO SECTION 44-3-301.
SECTION 13: In Colorado Revised Statutes, add 44-3-911.5 as follows:
44-3-911.5 Third-party delivery of alcohol beverages.
(1) NOTWITHSTANDING ANY LAW OR RULE TO THE CONTRARY, A DELIVERY SERVICE PERMITTEE, OR AN EMPLOYEE OR INDEPENDENT CONTRACTOR OF A DELIVERY SERVICE PERMITTEE IN COMPLIANCE WITH THE PROVISIONS OF THIS ARTICLE 3 OR ARTICLE 4 OF THIS TITLE 44, MAY TRANSPORT AND DELIVER ALCOHOL BEVERAGES FROM AN OFF-PREMISES RETAILER LICENSED PURSUANT TO THIS ARTICLE 3 OR ARTICLE 4 OF THIS TITLE 44, OR FROM A RETAILER LICENSEE LICENSED FOR ON PREMISES CONSUMPTION PURSUANT TO THIS ARTICLE 3, TO A PERSON IN THE STATE WHO IS AT LEAST TWENTY-ONE YEARS OF AGE. THE HOLDER OF A LICENSE LISTED IN THIS SUBSECTION (1) MUST APPLY FOR AND TO HOLD A DELIVERY SERVICE PERMIT AS A PRIVILEGE SEPARATE FROM ITS EXISTING LICENSE IN ORDER TO USE INDEPENDENT CONTRACTORS FOR DELIVERY. AN OFF-PREMISES RETAILER LICENSED PURSUANT TO THIS ARTICLE 3 OR ARTICLE 4 OF THIS TITLE 44 IS NOT REQUIRED TO OBTAIN A DELIVERY SERVICE PERMIT IF THE DELIVERY IS MADE BY AN EMPLOYEE OF THE LICENSEE WHO IS AT LEAST TWENTY-ONE YEARS OF AGE AND WHO IS USING A VEHICLE OWNED OR LEASED BY THE LICENSEE TO MAKE THE DELIVERY. A RETAILER LICENSEE LICENSED FOR ON PREMISES CONSUMPTION PURSUANT TO THIS ARTICLE 3 IS NOT REQUIRED TO OBTAIN A DELIVERY SERVICE PERMIT IF THE DELIVERY IS MADE BY AN EMPLOYEE OF THE LICENSEE WHO IS AT LEAST TWENTY-ONE YEARS OF AGE IN ACCORDANCE WITH THE PROVISIONS OF SECTION 44-3-911.
(2) ANY INDIVIDUAL, LIMITED LIABILITY COMPANY, CORPORATION, OR PARTNERSHIP THAT IS REGISTERED TO DO BUSINESS IN THIS STATE, REGARDLESS OF THE RESIDENCY OR DOMICILE OF THE INDIVIDUAL, ENTITY, OR OWNERS OF THE ENTITY, MAY APPLY TO THE STATE LICENSING AUTHORITY FOR AND BE ISSUED A DELIVERY SERVICE PERMIT THAT AUTHORIZES THE PERMITTEE TO DELIVER ALCOHOL BEVERAGES FROM A LICENSEE PERMITTED FOR DELIVERY BY SECTION (1) OF THIS SECTION, TO A PERSON IN THE STATE WHO IS AT LEAST TWENTY-ONE YEARS OF AGE.
(3) IN ORDER TO RECEIVE A DELIVERY SERVICE PERMIT, AN APPLICANT SHALL: (a) PROVIDE TO THE STATE LICENSING AUTHORITY A SAMPLE CONTRACT THAT THE APPLICANT INTENDS TO ENTER INTO WITH A LICENSEE LISTED IN SUBSECTION (1) OF THIS SECTION FOR THE DELIVERY OF ALCOHOL BEVERAGES. COMPLIANCE WITH THIS SUBSECTION (3)(a) SHALL NOT BE REQUIRED IN THE EVENT A LICENSEE LISTED IN SUBSECTION (1) OF THIS SECTION, OR AN ENTITY UNDER COMMON OWNERSHIP WITH SUCH LICENSEE, IS THE APPLICANT FOR THE DELIVERY SERVICE PERMIT.
(b) SUBMIT TO THE STATE LICENSING AUTHORITY AN OUTLINE OF AN INTERNAL OR EXTERNAL CERTIFICATION PROGRAM FOR DELIVERY SERVICE PERSONNEL OR CONTRACTORS THAT ADDRESSES TOPICS SUCH AS IDENTIFYING UNDERAGE PERSONS, INTOXICATED PERSONS, AND FAKE OR ALTERED IDENTIFICATION; AND
(c) SUBMIT PROOF OF A GENERAL LIABILITY INSURANCE POLICY IN AN AMOUNT NO LESS THAN ONE MILLION DOLLARS ($1,000,000) PER OCCURRENCE.
(4) A DELIVERY SERVICE PERMITTEE:
(a) MAY, THROUGH ITS EMPLOYEES OR INDEPENDENT CONTRACTORS, DELIVER ALCOHOL BEVERAGES FOR ANY OFF-PREMISES RETAILER PERMITTED FOR DELIVERY BY SUBSECTION (1) OF THIS SECTION, FOR THE PURPOSE OF DELIVERING ALCOHOL BEVERAGES.
(b) MAY, THROUGH ITS EMPLOYEES OR INDEPENDENT CONTRACTORS, DELIVER ALCOHOL BEVERAGES FOR ANY LICENSEE LICENSED FOR ON PREMISES CONSUMPTION PURSUANT TO THIS ARTICLE 3, WHICH MAY INCLUDE ALCOHOL BEVERAGES BY THE DRINK. SUCH DELIVERIES SHALL BE MADE IN ACCORDANCE WITH THE PROVISIONS OF SECTION 44-3-911, EXCEPT FOR SUBSECTION 44-3-911(3)(d).
(c) MAY USE ITS OWN EMPLOYEES OR INDEPENDENT CONTRACTORS WHO ARE AT LEAST TWENTY-ONE YEARS OF AGE TO DELIVER SUCH ALCOHOL BEVERAGES, IF ALL DELIVERY AGENTS COMPLETE A CERTIFICATION PROGRAM THAT MEETS THE STANDARDS ESTABLISHED BY THE STATE LICENSING AUTHORITY.
(d) MAY FACILITATE ORDERS BY TELEPHONE, INTERNET, OR BY OTHER ELECTRONIC MEANS FOR THE SALE AND DELIVERY OF ALCOHOL BEVERAGES UNDER THIS SECTION. THE FULL AMOUNT OF EACH ORDER SHALL BE HANDLED IN A MANNER THAT GIVES THE LICENSEE CONTROL OVER THE ULTIMATE RECEIPT OF THE PAYMENT FROM THE CONSUMER.
(e) MAY DELIVER ALCOHOL BEVERAGES ANY TIME DURING WHICH THE LICENSEE IS LAWFULLY ALLOWED TO SELL ALCOHOL BEVERAGES.
(f) SHALL VERIFY, AT THE TIME OF DELIVERY, IN ACCORDANCE WITH SUBSECTION 44-3-901(11), THAT THE PERSON RECEIVING THE DELIVERY OF MALT, VINOUS, OR SPIRITUOUS LIQUORS IS AT LEAST TWENTY-ONE YEARS OF AGE.
(g) SHALL REFUSE TO DELIVER ALCOHOL BEVERAGES IF THE RECIPIENT IS UNDER TWENTY-ONE YEARS OF AGE, APPEARS INTOXICATED, OR FAILS TO PROVIDE PROOF OF IDENTIFICATION.
(h) MAY NOT DELIVER TO ANY LOCATION LICENSED PURSUANT TO THIS ARTICLE 3, OR ARTICLE 4 OR ARTICLE 5 OF THIS TITLE 44. (i) SHALL BE DEEMED TO HAVE CONSENTED TO THE JURISDICTION OF THE STATE LICENSING AUTHORITY OR ANY LAW ENFORCEMENT AGENCY AND THE COLORADO COURTS CONCERNING ENFORCEMENT OF THIS SECTION AND ANY RELATED LAWS OR RULES.
(5) A DELIVERY SERVICE PERMITTEE MAY RENEW ITS PERMIT WITH THE STATE LICENSING AUTHORITY BY MAINTAINING ALL QUALIFICATIONS AND PAYING ANNUALLY A RENEWAL FEE ESTABLISHED BY THE STATE LICENSING AUTHORITY.
(6) NOTHING IN THIS SECTION SHALL BE CONSTRUED TO REQUIRE A TECHNOLOGY SERVICES COMPANY TO OBTAIN A DELIVERY SERVICE PERMIT FOR PROVIDING SOFTWARE OR A DIGITAL NETWORK APPLICATION THAT CONNECTS CONSUMERS AND LICENSED RETAILERS FOR THE DELIVERY OF ALCOHOL BEVERAGES FROM THE LICENSED RETAILER BY EMPLOYEES OR OTHER DELIVERY SERVICE PROVIDERS OF THE LICENSED RETAILER. HOWEVER, THE ACT OF CONNECTING CONSUMERS TO LICENSED RETAILERS SHALL SERVE TO GRANT JURISDICTION TO THE STATE OF COLORADO.
(7) THERE SHALL BE NO LIMIT TO THE PERCENTAGE OF A LICENSEE'S GROSS ANNUAL REVENUES FROM TOTAL SALES OF ALCOHOL BEVERAGES THAT THE LICENSEE MAY DERIVE FROM ALCOHOL BEVERAGE DELIVERIES.
(8) THE STATE LICENSING AUTHORITY MAY ENFORCE THE REQUIREMENTS OF THIS SECTION BY THE SAME ADMINISTRATIVE PROCEEDINGS THAT APPLY TO ALCOHOL BEVERAGE LICENSES OR PERMITS, INCLUDING WITHOUT LIMITATION ANY DISCIPLINARY ACTION APPLICABLE TO THE SELLING LICENSEE, OR THE DELIVERY SERVICE PERMITTEE RESULTING FROM ANY UNLAWFUL SALE TO A MINOR.
(9) THE STATE LICENSING AUTHORITY MAY ENFORCE THE REQUIREMENTS OF THIS SECTION AGAINST THE SELLING LICENSEE, DELIVERY SERVICE PERMITTEE, AND ANY EMPLOYEE OR INDEPENDENT CONTRACTOR OF THE DELIVERY SERVICE PERMITTEE, IRRESPECTIVE OF THE STATUS OF ANY DELIVERY SERVICE PERSONNEL AS AN INDEPENDENT CONTRACTOR OR EMPLOYEE. FOR THE LICENSEE'S LICENSE TO BE SUBJECT TO DISCIPLINARY ACTION FOR A VIOLATION OF ALCOHOL LAW DURING DELIVERY, THE LICENSEE MUST EITHER BE THE DELIVERY PERMITTEE OR THE DELIVERY MUST BE MADE BY AN EMPLOYEE OF THE LICENSEE.
(10) THE STATE LICENSING AUTHORITY SHALL PROMULGATE RULES AS NECESSARY FOR THE PROPER DELIVERY OF ALCOHOL BEVERAGES AS PERMITTED BY THIS SECTION.
SECTION 14: In Colorado Revised Statutes, 44-3-409, repeal (3)(a)(II) and (3)(a)(IV) as follows:
44-3-409. Retail liquor store license – rules.
(3)(a) A person licensed to sell at retail who complies with this subsection (3) and rules promulgated pursuant to this subsection (3) may deliver malt, vinous, and spirituous liquors to a person of legal age if:
(3)(a)(II) The delivery is made by an employee of the licensed----------------------------------at least twenty one years of age and who is using a vehicle owned or leased by the licensee to make the delivery;
(3)(a)(IV) The retail liquor store derives no more than fifty percent of its gross annual revenues from total sal------------------------------
SECTION 15: In Colorado Revised Statutes, 44-3-410, repeal (3)(a)(II) and (3)(a)(IV) as follows: 44-3-410. Liquor-licensed drugstore license – multiple licenses permitted – requirements – rules.
(3)(a) A liquor-licensed drugstore licensee who complies with this subsection (3) and rules promulgated pursuant to this subsection (3) may deliver malt, vinous, and spirituous liquors to a person of legal age if:
(3)(a)(II) The delivery is made by an employee of the liquor-licensed drugstore who is at least twenty one years of age and who is using a vehicle owned or leased by the licensee to make the delivery;
-------(IV) The l----------licensed drugstore derives no more than fifty percent of its gross ----------------------------------licensed drugstore delivers.
SECTION 16: In Colorado Revised Statutes, 44-3-911, repeal (2)(c), (3)(b), and (7) as follows:
44-3-911. Takeout and delivery of alcohol beverages – permit – on-premises consumption licenses – requirements and limitations – rules – definition – repeal.
(2) To sell and deliver an alcohol beverage or to allow a customer to remove an alcohol beverage from the licensed premises as either is authorized under subsection (1) of this section, the licensee must:
(c) Derive no more than fifty percent of its gross annual revenues from total sales of food and alcohol beverages from the sale of alcohol beverages through takeout orders ------------------------
(I) This subsection (2)(c) does not apply if the governor has declared a disaster emergency unde ------------------------------------
(II) This subsection (2)(c) does not apply to a sales room at a promises licensed under section 44-3-402 or 44-3-407; and
(3) (b) Be an employee of the licensee who is twenty one years of age or older;
(7) This section is repealed, effective July 1, 2025.
SECTION 17. Effective date: This act takes effect on March 1, 2023.
2021-2022 #128
Title
An amendment to the Colorado constitution concerning the expansion of retail sale of alcohol beverages, and, in connection therewith, authorizing a person licensed to sell beer at retail to also sell wine at retail and authorizing home delivery of all alcohol beverages through third-party home delivery service providers that use employees or independent contractors to make deliveries so long as the delivery person and the recipient are both at least 21 years of age.
Filed Text
Be it Enacted by the People of the State of Colorado:
SECTION 1. In the constitution of the state of Colorado, recreate and reenact, with amendments, article XXII as follows:
Article XXII Intoxicating Liquors
Section 1. Wine and Beer.
A PERSON LICENSED TO SELL BEER AT RETAIL MAY SELL WINE AT RETAIL FROM A PREMISES THAT IS LICENSED TO SELL BEER AT RETAIL.
Section 2. Home Delivery.
HOME DELIVERY OF ALCOHOL BEVERAGES IS PERMITTED THROUGH THIRD-PARTY HOME DELIVERY SERVICE PROVIDERS WHO USE EMPLOYEES OR INDEPENDENT CONTRACTORS TO MAKE DELIVERIES, PROVIDED THE DELIVERY PERSON IS TWENTY-ONE YEARS OF AGE OR OLDER AND THE DELIVERY RECIPIENT PRESENTS A VALID IDENTIFICATION DOCUMENT SHOWING PROOF OF BEING AGE TWENTY-ONE OR OLDER.
1 The titles set and filed text for each of the Initiatives are attached to this opinion as an appendix.